L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Louis R Furman, Jr.**                                                    Case No.: **19-12154-JKF**
                                                                                  Chapter 13
                            Debtor(s)

## Chapter 13 Plan

☐ Original

☑ **2nd** Amended

Date: **September 8, 2019**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☐ Plan contains nonstandard or additional provisions – see Part 9

☑ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a)(1) Initial Plan:**
   Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $
   Debtor shall pay the Trustee $ **1,050.00** per month for **60** months.
   ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
   Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ **63,537.50**
   The Plan payments by Debtor shall consists of the total amount previously paid ($ **5,512.50 over 5 months** )
added to the new monthly Plan payments in the amount of $ **1,055.00** beginning **October 2019** and continuing for **55** months.
   ☐ Other changes in the scheduled plan payment are set forth in § 2(d)

   **§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

   **§ 2(c) Alternative treatment of secured claims:**
      ☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

      ☐ **Sale of real property**
         See § 7(c) below for detailed description

| Debtor | Louis R Furman, Jr. | Case number | 19-12154-JKF |
|---|---|---|---|

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

    60 month plan

**§ 2(e) Estimated Distribution**

| | | | |
|---|---|---|---:|
| A. | Total Priority Claims (Part 3) | | |
| | 1. Unpaid attorney's fees | $ | 5,000.00 |
| | 2. Unpaid attorney's cost | $ | 0.00 |
| | 3. Other priority claims (e.g., priority taxes) | $ | 0.00 |
| B. | Total distribution to cure defaults (§ 4(b)) | $ | 0.00 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | 40,141.42 |
| D. | Total distribution on unsecured claims (Part 5) | $ | 12,042.33 |
| | Subtotal | $ | 57,183.75 |
| E. | Estimated Trustee's Commission | $ | 6,353.75 |
| F. | Base Amount | $ | 63,537.50 |

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| David M. Offen | Attorney Fee | $ 5,000.00 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ None. If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) ) Secured claims not provided for by the Plan**

☐ None. If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| ☑ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement<br>**The Bank of New York Mellon** | **241 East Comly Street Philadelphia, PA 19120** |
| ☑ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement<br>**Towd Point Master Funding Trust** | **241 East Comly Street Philadelphia, PA 19120** |

**§ 4(b) Curing Default and Maintaining Payments**

☑ None. If "None" is checked, the rest of § 4(b) need not be completed or reproduced.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | Louis R Furman, Jr. | Case number | 19-12154-JKF |
|---|---|---|---|

**§ 4(c) Allowed Secured Claims to be paid in full:** based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*\

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| City of Philadelphia | 2950 Edgley Street Philadelphia, PA 19121 | $7,361.65 | | | $7,361.65 |
| City of Philadelphia, Law Department | 241 East Comly Street Philadelphia, PA 19120 | $3,688.07 | | | $3,688.07 |
| Ford Motor Credit Company | 2015 Ford Explorer XLT | $24,272.60 | 6.00% | $3,882.84 | $28,155.44 |
| U.S. Bank National Association | 2950 Edgley Street Philadelphia, PA 19121 | $817.96 | 6.00% | $118.30 | $936.26 Debtor is wholly responsible for ongoing taxes and insurance. |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

☐ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

☑ (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| Westgate Town Center Owners Association | West Gate Time Share Kissammee, FL |
| Westgate Vacation Villas | West Gate Time Share Kissammee, FL |

**§ 4(f) Loan Modification**

☑ **None.** *If "None" is checked, the rest of § 4(f) need not be completed.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                              Best Case Bankruptcy

Debtor  **Louis R Furman, Jr.**                                  Case number   **19-12154-JKF**

## Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

### § 5(b) Timely filed unsecured non-priority claims

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☑ Debtor(s) has non-exempt property valued at **over $50,000.00** for purposes of § 1325(a)(4) and plan provides for distribution of $ **12,042.33** to allowed priority and unsecured general creditors.

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

☐ Pro rata

☑ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

### § 7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

| Debtor | **Louis R Furman, Jr.** | Case number | **19-12154-JKF** |
|---|---|---|---|

  (5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

  (6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

  **§ 7(c) Sale of Real Property**

  ☑ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

### Part 8: Order of Distribution

  **The order of distribution of Plan payments will be as follows:**

  **Level 1**: Trustee Commissions*
  **Level 2**: Domestic Support Obligations
  **Level 3**: Adequate Protection Payments
  **Level 4**: Debtor's attorney's fees
  **Level 5**: Priority claims, pro rata
  **Level 6**: Secured claims, pro rata
  **Level 7**: Specially classified unsecured claims
  **Level 8**: General unsecured claims
  **Level 9**: Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

### Part 9: Nonstandard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

  ☑ **None.** If "None" is checked, the rest of § 9 need not be completed.

### Part 10: Signatures

  By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

| Date: | **September 8, 2019** | **/s/ David M. Offen** |
|---|---|---|
| | | **David M. Offen** |
| | | Attorney for Debtor(s) |

### CERTIFICATE OF SERVICE

The Chapter 13 Trustee, The Bank of New York Mellon, and U.S. Bank National Association are being served the First Amended Plan via electronic notice per their Notices of Appearance. Towd Point Master Funding Trust c/o Select Portfolio Servicing, and Ford Motor Credit Company are being served via regular mail. The City of Philadelphia (pamela.thurmond@phila.gov & megan.harper@phila.gov), Westgate Vacation Villas (account_services@wgresorts.com), and Westgate Town Center Owners Association (account_services@wgresorts.com) are being served via email.

**Select Portfolio Servicing, Inc.**
P.O. Box 65250
Salt Lake City, UT 84165-0250

**Ford Motor Credit Company**
P.O. Box 62180
Colorado Spring, CO 80962

| Date: | **September 8, 2019** | **/s/ David M. Offen** |
|---|---|---|
| | | **David M. Offen** |
| | | Attorney for Debtor(s) |
| | | 160 West - The Curtis Center |
| | | 601 Walnut Street |
| | | Philadelphia, PA 19106 |
| | | 215-625-9600 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy